UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ANGNEM GREEN,

                                             Plaintiff,

                  -against-

COUNTY OF SENECA, LIEUTENANT JEFFREY STEUER, in his individual and official capacities, and SENECA COUNTY OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities,

                                            Defendants.
------------------------------------------------------------------------ X

**DOCKET NO.:**

**COMPLAINT**

**Plaintiff Demands a Trial by Jury**

      Plaintiff, ANGNEM GREEN, by his attorneys, HORN WRIGHT, LLP, complaining of Defendants COUNTY OF SENECA, LIEUTENANT JEFFREY STEUER, in his individual and official capacities, and SENECA COUNTY OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities (hereinafter, collectively referred to as "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

      1.     This is an action for deprivation of ANGNEM GREEN ("Plaintiff" or "GREEN")'s civil rights, committed by Defendants while acting in concert and under color of state law, of Plaintiff's rights, liberties, and immunities as guaranteed to him by reason of the Fourth and Fourteenth Amendments to the United States Constitution. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION

      2.     Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**VENUE**

3. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Seneca; the actual place of employment of all of the Individual Defendants is the County of Seneca in the Western District of New York; and the County of Seneca is within the jurisdiction of the Western District of New York. Additionally, Plaintiff resides within the County of Ontario, in the Western District of New York.

**PARTIES**

4. Plaintiff ANGNEM GREEN is a resident of the State of New York, who lives within the Western District of New York.

5. Defendant COUNTY OF SENECA ("COUNTY") is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

6. Upon information and belief, at all relevant times described herein, Defendant COUNTY, by its agents and/or employees operated, maintained, and controlled the Seneca County Sheriff's Department ("SCSD").

7. Upon information and belief, at all relevant times described herein, Defendant LIEUTENANT JEFFREY STEUER ("STEUER") is a lieutenant who is being sued in his individual and official capacities and is an employee of Defendant COUNTY and the SCSD. At all relevant times described herein, STEUER was acting under color of state law within the scope of his employment as a lieutenant employed by Defendant COUNTY and the SCSD, and works under the supervision, direction, and/or control of his supervisors in the SCSD.

8. Upon information and belief, at all relevant times described herein, Defendant SENECA COUNTY OFFICER JOHN DOES #1-10 ("PO DOES") are officers who are yet

2

unknown and are being sued in their individual and official capacities and are employees of Defendant COUNTY and the SCSD. At all relevant times described herein, PO DOES were acting under color of state law within the scope of their employment as officers employed by Defendant COUNTY.

9. Defendants STEUER and PO DOES are collectively referred to as "Individual Defendants".

## FACTUAL ALLEGATIONS

10. Plaintiff GREEN is an African American man.

11. On or about March 9, 2024, GREEN was lawfully present at the Del Lago Casino, located at 1133 NY-414, Waterloo, New York 13165.

12. While at the aforementioned premises, Plaintiff GREEN was detained and placed in handcuffs by STEUER and/or PO DOES, without probable cause or reason to believe a crime has been committed.

13. Upon being detained, GREEN asked STEUER and/or PO DOES for the reason he was being detained.

14. Upon GREEN'S request, STEUER and/or PO DOES did not provide a reason for the stop but rather began to pat down GREEN and searched his pockets.

15. GREEN was then escorted outside of the premises and held in handcuffs for approximately forty-five minutes.

16. In effectuating the detainment and search, STEUER and/or PO DOES were acting under the color of law.

17. There was no legitimate basis and/or lawful authority for the detainment of GREEN nor the search of his person.

18. After the detaining of GREEN, STEUER and/or PO DOES released GREEN and did not charge him with any crime nor infraction, as none had been committed.

19. GREEN was deprived of his liberty, caused to suffer economic hardship, mental anguish, pain and suffering, exposed to disgrace, public humiliation, and embarrassment.

20. The above conduct has been and is known to COUNTY. Despite this knowledge, COUNTY has failed to take any action.

**AS AND FOR A FIRST COUNT**
**FOR FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS**
**UNLAWFUL DETAINMENT AND DUE PROCESS – 42 U.S.C. § 1983**
**(*Against Defendants STEUER and PO DOES*)**

21. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

22. Defendants STEUER and PO DOES, acting under color of law, violated the Fourth and Fourteenth Amendments by subjecting GREEN to unequal treatment under the law, by way of their unauthorized and unlawful detainment, and STEUER and PO DOES' improper and wrongful detainment was without any violation of the law and absent probable cause or any reasonable suspicion of any criminal activity having been committed by GREEN.

23. On or about March 9, 2024, GREEN was falsely seized and falsely detained, deprived of his freedom, subjected to humiliation and ridicule, and unlawfully imprisoned by Defendants in violation of the civil and Constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by Defendants were committed under color of law, thus depriving GREEN of rights secured by federal law and the United States Constitution.

24. On or about March 9, 2024, Defendants STEUER and/or PO DOES falsely seized and falsely detained GREEN, thus depriving him of his freedom and violating his civil rights. Said seizure was made without probable cause, as STEUER and/or PO DOES were of the knowledge that GREEN had committed no crime.

25. Such seizure and detention were ordered, directed, and carried out by STEUER and/or PO DOES, all of whom actively instigated and encouraged the violation of GREEN'S rights.

26. As part of the unlawful seizure and detention, Defendants STEUER and/or PO DOES caused GREEN to be deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, GREEN was unjustly exposed to disgrace, public humiliation, injury, and embarrassment.

27. Defendants STEUER and/or PO DOES individually and collectively knew at the time of GREEN'S detainment, and at all times since then, that there was no evidence to support any allegation that he had violated any law.

28. In arresting and detaining GREEN, Defendants STEUER and/or PO DOES knew or should have known that they were violating federal law and GREEN'S Constitutional rights set forth herein and had failed to prevent same and, therefore, acted in concert to harm GREEN.

29. Defendants STEUER and/or PO DOES, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of Defendants STEUER and/or PO DOES, separately and in concert, acted willfully, knowingly, and purposefully with the specific intent to deprive GREEN of his right to freedom from illegal seizure of his person and freedom from illegal detention and imprisonment – all rights that are secured to GREEN by the

Fourth Amendment, the due process clause of the Fourteenth Amendment of the United States Constitution, and by 42 U.S.C. § 1983.

30. As a direct and proximate result of the aforesaid acts of Defendants STEUER and/or PO DOES, GREEN suffered mental anguish and violation of rights from then until now and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of Defendants STEUER and/or PO DOES.

31. As a result of said baseless false and unlawful detainment and abuse of process, GREEN has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and other expenses incurred.

32. As a proximate result of Defendants STEUER and/or PO DOES' intentional and malicious actions, GREEN was greatly humiliated, and other special damages, and has suffered great pain and mental anguish, all to GREEN'S damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR A SECOND COUNT
### FOR FAILURE TO SUPERVISE (1983)
### (*Against All Defendants*)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

34. Defendants were responsible for supervising, overseeing, and controlling their subordinates in the SCSD.

35. As a proximate result of Defendants' intentional and malicious actions, GREEN was greatly humiliated and other special damages, and has suffered great mental anguish causing

damages, all to GREEN'S damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages as against the Individual Defendants and attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR A THIRD COUNT
### MONELL (1983)
### (*Against Defendant COUNTY*)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

37. Employees of SCSD, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

38. Employees of SCSD, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, that they would receive no reprimand or be punished for their conduct, and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

39. By failing to supervise, train, and reprimand such Officers, COUNTY caused the injuries to GREEN through the actions and inactions of the Individual Defendants.

40. By maintaining a *defacto* policy of automatic indemnification, COUNTY caused the injuries to GREEN through the actions and inactions of the Individual Defendants.

41. Upon information and belief, it was the custom, policy, and practice of COUNTY to authorize and permit certain Officers, including the Individual Defendants, to cause unlawful detentions.

42. Upon information and belief, it was the custom, policy, and practice of COUNTY to encourage and cause Constitutional violations by the Police Officers employed by COUNTY, including the violations of GREEN'S Constitutional rights by the Individual Defendants.

43. COUNTY'S failure to take action against its Officers involved in this incident, and in other similar incidents, was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to GREEN.

44. As authorized representatives of Defendant COUNTY, the Officers' conduct of illegal detainments, searches, and seizure of detainees and official misconduct constituted a custom, policy, and practice which renders Defendant COUNTY liable to GREEN as a "Person" acting under the color of state law.

45. These customs, policies, and practices enforced by Defendants were the moving force, proximate cause, and/or affirmative link behind the conduct causing GREEN'S injuries.

46. Defendant COUNTY is therefore liable for violations of GREEN'S Constitutional rights as caused by its employees, as described in more detail in the paragraphs herein, and GREEN has suffered damages therefrom.

47. As a proximate result of Defendant's customs, policies, and practices for creating an environment that tolerates, encourages, and condones such Constitutional violations, GREEN was greatly humiliated, and other special damages, and has suffered great mental anguish causing damages, all to GREEN'S damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A FOURTH COUNT**
**FAILURE TO INTERVENE (1983)**
(*Against Defendants STEUER and PO DOES*)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

49. Defendants STEUER and/or PO DOES had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

50. Defendants STEUER and/or PO DOES failed to intervene to protect Plaintiff from the egregious violation of his Constitutional rights, despite having a realistic opportunity to do so.

51. That, as a result of Defendants STEUER and/or PO DOES' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

52. Plaintiff has suffered damages as a result of Defendants STEUER and/or PO DOES' impermissible conduct.

53. As a proximate result of Defendants STEUER and/or PO DOES' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ANGNEM GREEN demands the following relief:

A. Under the FIRST COUNT in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

B.  Under the SECOND COUNT, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages as against the Individual Defendants and attorney's fees;

C.  Under the THIRD COUNT, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees;

D.  Under the FOURTH COUNT, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

K.  Costs and disbursements of this action; and

L.  Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
March 3, 2026

                                      Respectfully Submitted,
                                      **HORN WRIGHT, LLP**
                                      *Attorneys for Plaintiff*

By:    /s/ *Spencer D. Shapiro*
         Spencer D. Shapiro
         400 Garden City Plaza, Suite 500
         Garden City, New York 11530
         Tel: 516.355.9696
         sds@hornwright.com